IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENERAL PRODUCE CO., LTD.,

    Plaintiff,

    v.

ALVIN B. GIBBS, individually and doing business as Al & Peg's Produce,

    Defendant.

No. CIV S-07-2699 MCE DAD

ORDER AND

FINDINGS AND RECOMMENDATIONS

    This matter came before the court on April 4, 2008, for hearing of plaintiff's motion for default judgment. Daniel A. McDaniel, Esq. appeared telephonically on behalf of plaintiff. No appearance was made by or on behalf of the defendant.

    Plaintiff's counsel was granted leave to file a supplemental declaration in support of plaintiff's request for an award of attorney's fees. Plaintiff filed such a declaration on April 4, 2008. Having now considered all written materials submitted in connection with plaintiff's motion, and having heard oral argument, for the reasons stated on the record and set forth below, the undersigned recommends that plaintiff's motion be granted and that judgment be entered in plaintiff's favor.

/////

/////

BACKGROUND

Plaintiff General Produce Co., Ltd. is a California limited partnership that buys and sells wholesale quantities of fruits and vegetables in interstate commerce. Defendant Alvin B. Gibbs, doing business as Al & Peg's Produce, was at the relevant times a dealer or trader in perishable agricultural commodities and, as such, was subject to the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499a, et seq. Plaintiff brought this action on December 14, 2007, for the purpose of enforcing the trust that defendant was required to maintain as a party controlling or receiving PACA assets.

Although service of process was effected on January 26, 2008, defendant failed to appear in this action. On February 27, 2008, the Clerk of the Court entered defendant's default pursuant to the request filed by plaintiff on February 20, 2008. On February 29, 2008, plaintiff filed the instant motion, noticing it to be heard before the undersigned pursuant to Local Rule 72-302(c)(19).

LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944), and Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

The factual allegations of plaintiff's complaint, taken as true pursuant to defendant's default, establish the following circumstances: plaintiff sold produce to defendant in interstate commerce; defendant accepted delivery of produce and agreed to pay for it; defendant did not pay for the produce; defendant's acceptance of perishable agricultural commodities from plaintiff established a trust in favor of plaintiff as to all such commodities received and as to the proceeds of the sale of the commodities until full payment was made to plaintiff; plaintiff provided timely written notice of its intent to preserve trust benefits under the PACA; despite plaintiff's repeated demands for payment, defendant did not pay for the commodities received; defendant sold the perishable agricultural commodities acquired from plaintiff and unlawfully failed to hold the proceeds in trust for plaintiff. Plaintiff asserts claims of failure to maintain a trust, failure to pay trust funds, and breach of contract. Plaintiff seeks declaratory and injunctive relief, the unpaid balance due, interest on the unpaid balance from March 5, 2005 to judgment at the rate of 1.5% per month (18% per annum), post-judgment interest at the same rate, court costs, and attorney's fees.

Defendant was served with the complaint and summons on January 26, 2008, when a registered process server delivered the documents to defendant's spouse at defendant's

residence in Clements, California. The process server mailed additional copies of the documents to defendant's residence on January 28, 2008. Although defendant was properly served, defendant failed to appear in this action. On February 27, 2008, defendant's default was entered. Plaintiff's request for entry of default and motion for default judgment were also served on defendant by mail at the address where service of process was effected. Despite being served with all papers filed in connection with plaintiff's motion for default judgment, defendant filed no written response to the motion and made no appearance at the hearing of the motion.

After weighing the Eitel factors, the undersigned finds that the material allegations of the complaint are sufficient to support plaintiff's claims. The amount of money at stake is relatively small because plaintiff seeks only the $33,298.31 balance due for perishable agricultural commodities delivered to, accepted, and sold by defendant, along with the interest specified in the parties' credit agreement, court costs, and attorney's fees in the amount of $1,650.00. Plaintiff will be prejudiced if default judgment is denied because plaintiff will be without other recourse for recovery of the perishable agricultural commodities received and sold by defendant.

In light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action. There is no indication that defendant's default resulted from excusable neglect, because plaintiff repeatedly demanded payment for the commodities delivered to defendant and served defendant with its complaint, its request for entry of default, and its motion for default judgment. Defendant had ample notice of plaintiff's intent to pursue judgment against him. Although public policy generally favors the resolution of a case on its merits, defendant's failure to appear and defend against plaintiff's claims has made a decision on the merits impossible in this case.

Because all of these factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy that favors decisions on the merits, will recommend that default judgment be entered against defendant.

4

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment. Under the PACA, a trust commences by operation of the law upon delivery of produce and continues until full payment for the produce has been made. 7 U.S.C. § 499e(c)(2); 7 C.F.R. § 46.46(d)(1). Contractually agreed upon interest and attorney's fees are recoverable in an action pursuant to the PACA because such costs were incurred "in connection with" the sale of the produce. Middle Mountain Land & Produce, Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1222-25 (9th Cir. 2002) (quoting 7 U.S.C. § 499e(c)(2)). See also Rey Rey Produce SFO, Inc. v. M & M Produce & Food Serv. Supplies, Inc., No. C05-4504 BZ, 2006 WL 1867633, at *3-4 (N.D. Cal. Jul. 5, 2006) (recommending that default judgment against defendants include prejudgment interest, postjudgment interest, costs, and attorney's fees).

Plaintiff has provided evidence that it sold produce to defendant in interstate commerce. (Decl. of Clifford J. Rubens in Supp. of Application for Default J. ¶ 6 & Exs. C & D.) Between January 10, 2005, and March 5, 2005, defendant was billed for deliveries and credited for payments that resulted in an unpaid balance of $33,298.31 on March 5, 2005. (Id. ¶¶ 6-7 & 11.) The parties' credit agreement provides that in the event of any default in payment defendant shall pay interest on the unpaid balance at the rate of 1.5% per month (18% APR) and "reasonable court costs, attorney fees and/or collection costs." (Id. ¶ 4 & Ex. A.) At the rate of 1.5% per month, interest in the amount of $11,987.39 accrued on defendant's unpaid balance from the March 5, 2005 date of default through April 5, 2008. (Id. ¶ 11.) Plaintiff seeks that amount of interest, additional pre-judgment interest at the rate of $16.42 per day from April 6, 2008 to the date of judgment, and post-judgment interest at the rate of 18% per annum. (Id.)

In addition to damages and interest, plaintiff seeks court costs in the amount of $395.00. (Id.) This amount is supported by the record.[1] Plaintiff seeks an award of attorney's

---

[1] The court's docket reflects payment of the $350.00 filing fee, and the return of service filed February 20, 2007 reflects a process server's fee of $45.00.

fees in the amount of $1,650.00, representing approximately six and one half hours of work at the rate of $250.00.  The undersigned finds that the amount requested is supported by the declaration of plaintiff's counsel and is reasonable.  (See Decl. of Daniel A. McDaniel in Supp. of Award of Attorney's Fees, filed April 4, 2008, at ¶¶ 5-6.)

For the reasons stated during the hearing of plaintiff's motion, the undersigned declines to recommend that plaintiff be granted injunctive relief in the form of an order enjoining defendant from continuing to violate the PACA and its regulations, or in the form of an order requiring defendant to segregate assets to ensure that assets are freely available to satisfy defendant's obligations to plaintiff.  At the hearing, plaintiff's counsel withdrew the request for post-judment interest.

Accordingly, IT IS ORDERED that plaintiff shall serve a copy of these findings and recommendations on defendant by mail at the address where service of process was effected and also, in an abundance of caution, at P.O. Box 733, Clements, California 95227, within five days after these findings and recommendations are served and shall file a certificate of such service within five days thereafter; and

IT IS RECOMMENDED that:

1. Plaintiff's February 29, 2008 motion for default judgment be granted; and

2. The district judge assigned to this case declare that defendant violated the Perishable Agricultural Commodities Act and enter judgment against defendant for

(a) the unpaid balance of $33,298.31;

(b) interest in the amount of $11,987.39 through April 5, 2008;

(c) interest at the rate of $16.42 per day from April 6, 2008 to the date of judgment;

(d) post-judgment interest at the rate of 18%;

(e) costs in the amount of $395.00; and

(f) attorney's fees in the amount of $1,650.00.

1  These findings and recommendations will be submitted to the United States
2  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
3  fifteen (15) days after being served with these findings and recommendations, any party may file
4  written objections with the court.  Such a document should be titled "Objections to Magistrate
5  Judge's Findings and Recommendations."  Any reply to objections shall be served and filed
6  within ten (10) days after service of the objections.  The parties are advised that failure to file
7  objections within the specified time may waive the right to appeal the District Court's order.  See
8  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\generalproduce2699.mdj.f&r