DANIEL A. McDANIEL - SBN 77363
NOMELLINI, GRILLI & McDANIEL
PROFESSIONAL LAW CORPORATIONS
235 East Weber Avenue
Post Office Box 1461
Stockton, California 95201-1461
Telephone: (209) 465-5883
Facsimile: (209) 465-3956

Attorneys for Plaintiff
General Produce Co., Ltd.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENERAL PRODUCE CO., LTD., a California limited partnership,

    Plaintiff,

vs.

ALVIN B. GIBBS, individually and doing business as AL & PEG'S PRODUCE,

    Defendant.

Case No. 2:07-CV-02699-MCE-DAD

**ORDER TO APPEAR AND SHOW CAUSE RE CONTEMPT**

This matter came before the court on September 5, 2008, for the judgment debtor examination of Alvin B. Gibbs as ordered by the court. Daniel A. McDaniel appeared on behalf of plaintiff. No appearance was made by defendant Alvin B. Gibbs or on behalf of defendant. Upon reading plaintiff's application for order to show cause and for the reasons set forth below, the court will order the judgment debtor Alvin B. Gibbs to appear for the examination sought by plaintiff, and to show cause why facts should not be certified for contempt proceedings arising from defendant's failure to appear on September 5, 2008.

**PROCEDURAL BACKGROUND**

Plaintiff obtained a judgment against defendant in this court on May 6, 2008. Pursuant to plaintiff's request, defendant Alvin B. Gibbs was ordered in writing to appear for a judgment debtor examination on September 5, 2008, in Courtroom no. 27, the department of the

undersigned magistrate judge. Defendant was personally served with the order. Defendant failed to appear as ordered. At that time plaintiff's counsel requested a bench warrant for the arrest of defendant. The request was denied.

Plaintiff filed the instant application on September 10, 2008, and served the application on defendant by mail. Accordingly, the record indicates that all parties have been provided with notice of these proceedings.

## LEGAL STANDARDS

"'[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt.'" Spallone v. United States, 493 U.S. 265, 276 (1990) (citation omitted); see also United States v. United Mine Workers of America, 330 U.S. 258, 303-304 (1947); United States v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999). A civil contempt sanction such as the one sought here is coercive, designed to force the contemnor to comply with an order of the court and must include a "purge" condition. Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 207-08 (1999); Ayres, 166 F.3d at 997; Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992). To support a judgment of contempt, the district court must find, based on clear and convincing evidence, that the party violated the order; the violation did not constitute "substantial compliance" with the order; and the violation was not based on a good faith and reasonable interpretation of the order. Ayres, 166 F.3d at 994; In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).

"Because civil contempt sanctions are viewed as nonpunitive and avoidable, fewer procedural protections for such sanctions have been required." Ayres, 166 F.3d at 995 (quoting International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 831 (1994). Civil contempt "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." Id. (quoting Bagwell, 512 U.S. at 827). See also Thomas, Head and Greisen Employees Trust v. Buster, 95 F.3d 1449, 1458 (9th Cir. 1996) (rejecting argument that evidentiary hearing is required so that alleged contemnor may explain why court should not make contempt finding).

/////

Order

1 As set forth above, defendant failed to appear at his September 5, 2008, examination.  This fact is undisputed.  There also is no evidence of "substantial compliance" with the court's order, In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d at 695; "a present inability to comply," Ayres, 166 F.3d at 994; or any other defense against a finding of contempt, and defendant has asserted no such defense.

Nonetheless, giving defendant the benefit of the doubt, the court will afford defendant one final opportunity to appear for examination as directed by this court's order filed July 25, 2008.  In this regard, defendant will be ordered to appear for his examination, and to show cause why facts should not be certified for contempt, on October 3, 2008, at 10:00 a.m.  If defendant does not appear as ordered, it is the court's intention to forthwith certify the facts to the assigned district judge and direct defendant to immediately appear before the district judge on the next available calendar to show cause why he should not be adjudged in civil contempt and incarcerated as a coercive sanction until full compliance with the court's order is achieved.  See 28 U.S.C. § 636(e)(6)(B)(iii); Jones v. J.C. Penney's Dept. Stores, Inc., 228 F.R.D. 190, 198 (W.D.N.Y. 2005).

"[I]n determining how large a coercive sanction should be the court should consider the 'character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction.'" General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th cir. 1986) (quoting United Mine Workers, 330 U.S. at 304).  Defendant has failed to comply with the order of this court.  Accordingly, the court finds that incarcerating defendant, in the event he does not appear as directed, is appropriate and likely to effectuate compliance with the court's order.  See S.E.C. v. Elmas Trading Corp., 824 F.2d 732 (9th Cir. 1987) (holding district court did not abuse its discretion in adjudging party in civil contempt and ordering him incarcerated until required documents produced).

/////
/////
/////
/////

Order

IT IS HEREBY ORDERED that:

1. Plaintiff's September 10, 2008 application for order to appear and show cause (Doc. No. 24) is granted.

2. Defendant Alvin B. Gibbs is afforded a final opportunity to comply with this court's Order for Appearance and Examination filed July 25, 2008. Defendant Alvin B. Gibbs shall personally appear for his judgment debtor examination on October 3, 2008, at 10:00 a.m. in Courtroom no. 27, and show cause why facts should not be certified to the district judge for contempt for defendant's failure to appear on September 5, 2008.

3. If defendant does not appear as ordered, it is the court's intention to forthwith certify the facts to the assigned district judge and direct defendant immediately to appear before the district judge on the next available calendar to show cause why defendant should not be adjudged in civil contempt and incarcerated as a coercive sanction until full compliance with the court's order is achieved.

DATED: September 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/generalproduce2699.ord